OPINION OF THE COURT
Per Curiam.
Pursuant to findings of fact, conclusions of law, and order of disbarment, dated and filed May 1, 2012, the Third Judicial District Court in and for Salt Lake County, Utah (hereinafter the District Court) disbarred the respondent in Utah, effective 30 days from the date thereof.
The respondent was admitted to the Utah State Bar in 2003.
The Utah State Bar’s Office of Professional Conduct filed a formal complaint against the respondent based on the receipt of four informal complaints. The 23-count formal complaint alleged violations of Utah Rules of Professional Conduct rules 1.1 (competence), 1.3 (diligence), 1.4 (a) (communication with client), 1.5 (a) (unreasonable fees), 1.15 (a) (safekeeping property), 1.16 (d) (declining or terminating,representation), 3.1 (frivolous claims or contentions), 5.3 (b) (responsibilities for supervising nonlawyer assistants), 8.1 (b) (bar admission and disciplinary matters [noncooperation with disciplinary authorities]) and 8.4 (a) (misconduct). The formal complaint was filed with the District Court on September 21, 2011. Although the respondent was served with a copy of the formal complaint on October 4, 2011, the respondent failed to file an answer. As a consequence, a default judgment was entered against the respondent on December 29, 2011, on each of the counts.
Following a sanctions hearing held on May 1, 2012, the District Court issued findings of fact, conclusions of law, and order of disbarment. The District Court concluded, inter alia, that the respondent misappropriated client funds, that the respondent’s mental state in violating the Utah Rules of Professional Conduct that are identified above was knowing and intentional, and that his misconduct caused significant injury. The following aggravating circumstances were noted: dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the misconduct involved, either to the client or the disciplinary authority, and lack of good faith effort to make restitution to rectify the consequences of the misconduct involved. The District Court found no truly compelling mitigating circumstances, and found that the aggravating circumstances should be afforded substantial weight. The District Court disbarred the respondent in Utah, effective 30 days after May 1, 2012.
*221 A notice pursuant to 22 NYCRR 691.3 was issued by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, and a copy of that notice was personally served on the respondent on August 30, 2012, by the Sheriff of Salt Lake City, Utah. More than 20 days have elapsed since service of the notice, and the respondent has neither filed a verified statement asserting any defenses or demanding a hearing, nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.
Based on the discipline imposed by the District Court, the Grievance Committee’s application of the imposition of reciprocal discipline is granted, and, effective immediately, the respondent is disbarred in New York based upon the disciplinary action taken against him in Utah.
Eng, P.J., Mastro, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the petitioner’s application to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Jeremy M. Rogers, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Jeremy M. Rogers, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeremy M. Rogers, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Jeremy M. Rogers, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).